ANNIE LOVE, RELATOR, v. TOWN OF WEST ORANGE ET AL., RESPONDENTS.

Decided October 20, 1926.

**Mandamus—Rule to Show Cause—Ex Parte Affidavits Instead of Depositions Submitted by Consent—It Probably Would Have Been Better to Have Refused to Receive the Case on That Basis, Since Counsel Now Claims These Affidavits "Befogged" the Case—Re-argument Cannot Help the Case— Mixed Question of Law and Fact Involved, Which Cannot be Settled in This Proceeding.**

On application for re-argument.

Before Justices PARKER, BLACK and CAMPBELL.

For the applicant, *Absalom P. Bachman.*

PER CURIAM.

This was a rule to show cause for a *mandamus.* Instead of taking depositions on a notice pursuant to the rules and practice in such cases (*Peer* v. *Bloxham,* 82 *N. J. L.* 288), counsel seems to have consented tacitly, or expressly to submit their respective causes of fact to the court on *ex parte* affidavits; and this was done. It would probably have been better, in view of the present application, for the court to refuse to receive the case on that basis, because counsel now claims that the relator's case was injured because the *ex parte* affidavits for defendant "befogged" the issue. The court, applying the fundamental rule that a writ of *mandamus* will not go unless the facts are settled and the law clear, discharged the rule.

We are unable to see how a re-argument can help the matter. As already pointed out, the existence of some sort of easement of drainage over relator's lands in favor of the respondent is clear beyond peradventure. Relator wishes a writ to enforce a permit for a specific building in a specific place over or adjoining the existing drain—whether this con-

flicts with the easement is a question of mixed law and fact which, as we said before, cannot be settled in this proceeding. No re-argument can clear up this difficulty.

A re-argument is denied.